IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS L. DAVIS,** | : | CIVIL NO. 1:CV-06-01763 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **J. MINER, WARDEN, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

Plaintiff, Thomas L. Davis, an inmate currently incarcerated at the United States Penitentiary at Lee ("USP-Lee") in Jonesville, Virginia, filed this *pro se Bivens*[1] styled civil rights action pursuant to 28 U.S.C. § 1331, and a claim under the Federal Tort Claims Act ("FTCA"). Pending before the court is Plaintiff's motion for injunctive relief. (Doc. 21.) For the reasons set forth below, the court will deny Plaintiff's motion.

**I.   Background**

Plaintiff filed the present complaint while incarcerated at the United States Penitentiary at Allenwood ("USP-Allenwood") in White Deer, Pennsylvania. In

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

his complaint (Doc. 1), Plaintiff alleges that USP-Allenwood prison officials destroyed his personal property and legal materials, and failed to protect him from a sexual assault committed by another prisoner. (Doc. 1 at 4-5.) He also asserts that on August 14, 2006, prison officials informed him that an investigation of his request for protective custody, submitted on July 7, 2006, was conducted and a recommendation was thereafter made that Plaintiff be transferred to a facility commensurate with his security needs. (Doc. 1 at 5.)

On October 23, 2006, Plaintiff filed the instant motion for injunctive relief (Doc. 21), seeking an order directing USP-Allenwood's warden, a named defendant, to move him out of USP-Allenwood and place him in a federal detention center or county holding facility. (Doc. 21.) He reasons that the transfer is necessary because a number of prison officials are "making moves on [his] safety" and "sabotaging all of [his] meals." (*Id*.) On November 6, 2006, an official from USP-Allenwood filed a financial affidavit detailing financial activity in Plaintiff's inmate commissary account. (Doc. 26.) Attached to the report was a letter informing the court's financial administrator that Plaintiff had been transferred from USP-Allenwood to USP-Lee. (Doc. 26 at 6.)[2] Nevertheless,

---

[2] The financial affidavit does not indicate the date of Plaintiff's transfer. On December 15, 2006, Plaintiff filed a notice of change of address in the court; however, he did not indicate the date of transfer either. (Doc. 31.)

Plaintiff's motion for injunctive relief remains pending before the court.

**II.     Discussion**

It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. at 459 n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).  A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-207 (3d Cir. 1993); *see also Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

In the case *sub judice*, it is apparent that Plaintiff made a request to USP-Allenwood officials for a transfer out of that facility.  Within a reasonable time,

prison officials informed Plaintiff that an investigation into his request had been completed and verified his need for protection. Plaintiff was subsequently transferred out of USP-Allenwood.

In light of these circumstances, there is nothing in the record to suggest that there exists a reasonable probability of Plaintiff's return to USP-Allenwood in the foreseeable future. Consequently, Plaintiff's claim for injunctive relief is moot and will be dismissed. *See Fortes v. Harding*, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) ("Fortes' transfer to another institution moots any claims for injunctive or declaratory relief."). However, the court recognizes that a prisoner's transfer or release does not moot his claims for damages. *See Muslim v. Frame*, 854 F. Supp. 1215, 1222 (E.D. Pa. 1994) (stating "an alleviation of an alleged unconstitutional condition does not moot a prisoner's claim for actual and punitive damages").

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for injunctive relief (Doc. 21) is **DENIED** as moot.

      s/Sylvia H. Rambo
      SYLVIA H. RAMBO
      United States District Judge

Dated:     March 23, 2007.